UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DICHELLO DISTRIBUTORS, INC.,

    Plaintiff,

v.

ANHEUSER-BUSCH, LLC

    Defendant

No. 3:20-cv-01003 (MPS)

## RULING ON MOTION TO MODIFY THE PROTECTIVE ORDER

**I.    Introduction**

Anheuser-Busch, LLC has filed a motion to modify the Standing Protective Order. For the reasons set forth below, the motion is granted in part and denied in part.

**II.    Procedural History**

The Court assumes familiarity with the background of the case, the motion, and the parties' briefs. I write here only enough to explain my reasoning.

The Standing Protective Order was entered on the docket the same day Anheuser-Bush removed the case from Connecticut Superior Court. ECF No. 6. The Protective Order provides, in relevant part, that "Designated Material" (*i.e.*, documents and deposition testimony designated Confidential or Confidential-Attorneys' Eyes Only) "shall not be used or disclosed for any purpose other than the litigation of this action" and requires the parties to destroy all such materials within 45 days of entry of final judgment. *Id.* ¶¶ 5, 16.

1

**III.    Discussion**

Anheuser-Bush seeks to modify the Protective Order so that both parties may use the documents produced and deposition testimony taken in this case in a subsequent administrative proceeding between the parties. ECF No. 306 at 5.

A.    <u>Legal Standard</u>

"It is undisputed that a district court retains the power to modify or lift protective orders that it has entered. . . . [T]here is no question that a Rule 26(c) protective order is subject to modification. Whether to lift or modify a protective order is a decision committed to the sound discretion of the trial court." *In re Agent Orange Prod. Liab. Litig.*, 821 F.2d 139, 145-147 (2d Cir. 1987).

In the Second Circuit, courts consider the following factors when deciding a motion to modify a protective order: "(1) the scope of the protective order; (2) the language of the order itself; (3) the level of inquiry the court undertook before granting the order; and (4) the nature of reliance on the order. Additional considerations that may influence a court's decision to grant modification include: the type of discovery materials the collateral litigant seeks and the party's purpose in seeking a modification." *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*, 255 F.R.D. 308, 318 (D. Conn. 2009)

B.    <u>Application</u>

I will briefly discuss each factor in turn.

i.    *Scope of the Protective Order*

First, the Standing Protective Order is a blanket protective order covering all "information, documents, excerpts from documents, and other materials produced in this action." ECF No. 6 ¶ 1. "A blanket protective order is more likely to be subject to modification than a

more specific, targeted order because it is more difficult to show a party reasonably relied on a blanket order in producing documents or submitting to a deposition." *EDPM*, 255 F.R.D. at 319. *See also Shao v. Beta Pharma, Inc.*, 2018 WL 11448013, at *6 (D. Conn. Aug. 17, 2018) (blanket protective order's "resistance to 'a reasonable request for modification' is minimal."). The scope of the Protective Order favors modification.

        *ii.   Language of the Protective Order*

Second, the language of the Protective Order explicitly contemplates modification. ECF No. 6 ¶ 19 ("The foregoing is entirely without prejudice to the right of any party to apply to the Court . . . for modification of this Order"); *id.* ¶ 20 ("The restrictions imposed by this Order may be modified or terminated only by further order of the Court."). "Where a protective order contains express language that . . . anticipates the potential for modification, . . . it is not reasonable for a party to rely on an assumption that it will never be modified." *EDPM*, 255 F.R.D. at 320. The Protective Order's language favors modification.

        *iii.   Level of Inquiry the Court Undertook Before Granting the Order*

Third, the parties do not dispute that the Protective Order was a "form Order" entered without a hearing on the same day the action was removed to federal court. ECF No. 306 at 8; *see also* ECF No. 311 at 10-11 (protective order was entered "as a matter of course"). Where courts undertake little-to-no inquiry before entering a protective order, modification is more likely to be appropriate. *EDPM*, 255 F.R.D. at 321 (third factor accounts for "how much consideration the court gave to the request for a protective order before granting it."). Thus, this factor favors modification.

> *iv. Reliance on the Protective Order*

Fourth, the parties do not dispute that no parties waived their rights to refuse to testify or produce documents in reliance on the Protective Order. ECF Nos. 306 at 8-9, 311 at 11-12. "[W]here the parties have not given up any rights and indeed would have been *compelled* to produce the discovery materials even in the absence of a protective order, the presumption against modification is not as strong." *EPDM,* 255 F.R.D. at 323 (finding that presumption against modification does not apply where there was "no absolute privilege" applicable to "much of" a party's production and ordering a modification to the protective order).

Dichello's statements about reliance, ECF No. 311 at 11-12, are somewhat overstated. I entered my Order regarding reopening the case, ECF No. 303, with the goal of finalizing the parties' settlement and avoiding a trial of this action. Nothing in my Order foreclosed either party's ability to move to modify the Protective Order. As Anheuser-Busch points out, a district court may modify a protective order even after the entry of judgment. *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 141 (2d Cir. 2004).

Although I do not dispute Dichello's statement that it relied on the Protective Order when it negotiated the settlement and stipulated judgment on the apparent belief that documents and deposition testimony from this litigation would not be used in other proceedings, any such belief was unrealistic. The possibility of franchise-termination proceedings between the parties before the Connecticut Liquor Control Commission cannot come as a surprise to Dichello in light of the parties' acrimonious relationship. In fact, the possibility of such proceedings was discussed at the summary judgment hearing. ECF No. 216 at 7:14-16, 9:10-10:3, 50:9-13.

On balance, this factor does not clearly favor nor disfavor modification.

> *v. Purpose in Seeking Modification*

Lastly, I consider Anheuser-Busch's purpose in seeking modification. Anheuser-Busch has represented that it intends to seek to terminate Dichello's distributorship in a proceeding before the Connecticut Liquor Control Commission and use the documents produced and deposition testimony given in this case without violating the Protective Order. I find that this is a proper purpose. The proceeding in question is a hearing before the Connecticut Liquor Control Commission to determine whether Anheuser-Busch may terminate Dichello as a franchisee. *See* Conn. Gen. Stat. § 30-17(a)(2). While I express no opinion on whether the Liquor Control Commission should allow such a termination, it should be obvious to anyone with a passing familiarity with this case that Anheuser-Busch's and Dichello's relationship has soured to the point where it may be beyond repair. Requiring them to continue to do business with each other may be a recipe for further litigation. *See generally Dichello Distributors, Inc. v. Anheuser-Busch, LLC*, 715 F. Supp. 3d 220 (D. Conn. 2024). In addition, it would be wasteful to force the parties to present their case—which will undoubtedly overlap with this one—to the Liquor Control Commission without the benefit of discovery they have already taken. And, it would be contrary to the public interest to enable any witness to testify before the Liquor Control Commission free from the risk of impeachment with prior deposition testimony and documents. Indeed, that would just lend assistance to witnesses who were inclined to lie.

## IV. Conclusion

For the reasons set forth above, I GRANT IN PART and DENY IN PART Anheuser-Busch's motion to modify the Standing Protective Order. The Standing Protective Order will be modified so that the parties may use the Designated Material obtained in discovery in this case, including documents and deposition transcripts, only in proceedings between the parties before the

Connecticut Liquor Control Commission. Neither party may use Designated Material for any other purpose.

    IT IS SO ORDERED.

                                                                      /s/

                                            Michael P. Shea, U.S.D.J.

Dated:  Hartford, Connecticut

         November 4, 2025